NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GIOVANNA AMATO and ANTHONY ALTAMURA, | : : : : : : : : : : : : : : : : : : : | Hon. Dennis M. Cavanaugh |
| | | **OPINION** |
| Plaintiffs, | | |
| | | Civil Action No. 06-CV-5626 (DMC) |
| v. | | |
| ERNEST O. MASTRIA, Ph.D., DR. ERNEST MASTRIA, P.C., JUNE CAIN MILLER A/K/A June CAIN MILLER-HENRY, MILLER-MASTRIA MEDIA, MEDIA MARKETING PARTNERS AND JOHN DOES 1-100, A SERIES OF FICTITIOUS NAMES, | | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Defendant Ernest Mastria ("Defendant") to vacate the default judgment entered against him by this Court pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. After carefully considering the oral arguments and submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to vacate default judgment is **denied**.

## BACKGROUND

On January 18, 2007, this Court entered a preliminary injunction against Dr. Ernesto Mastria and Judith Cain Miller ("Miller") when they failed to appear on the return date of the Court's Order to Show Cause entered on December 12, 2006. In connection with the injunction, this Court issued Writs of Attachment against the personal and real property of each Defendant.

This Court received notification on February 2, 2007, that Defendant had obtained representation. Through his attorney, Mastria filed a Motion to Vacate the Default, Preliminary Injunction and the pre-judgment Writ of Attachment issued against him.

Plaintiffs Anthony Altamura ("Altamura") and his mother, Giovanna Amato ("Amato") were both patients of Mastria's, a psychologist. Plaintiffs allege that Mastria and Miller engaged in a fraudulent scheme designed to coerce them into investing large sums of money in Defendants' purported business opportunity. Plaintiffs contend that Mastria manipulated their therapy sessions to con them into believing he and Miller would make them wealthy if they agreed to provide financing for Defendants' business venture.

Plaintiffs believe that Mastria acted as the local pitchman for Miller. Together, the Defendants enticed Plaintiffs with their business plan involving a unique, new self-help technique developed by Mastria to be marketed through media channels by Miller. Plaintiffs assert that Miller drafted sham partnership papers and business agreements in order to create the impression that the proposed venture was legitimate and that they were investing with Miller-Mastria Media ("MMM").

Upon their information and belief, Plaintiffs state that neither MMM nor Media Marketing Partners had ever been incorporated or formed as a legal entity. Ultimately, Plaintiffs

invested a total of $420,000 in Defendants' project. Plaintiffs were never provided any information or documentation showing what happened to their money. Nor did Plaintiffs receive any Partnership tax returns or accounting for the money despite several requests and inquiries. Plaintiffs have learned that the monies allegedly stolen from them were deposited in a bank account in California; and that the account has no apparent connection with investments in either of the business entities named as Defendants.

### DEFENDANT'S MOTION

The crux of Mastria's defense is that he too is a victim of his co-defendant's fraudulent behavior. Mastria asserts his continued commitment to the project for which he solicited Plaintiff's money. Mastria explains that he is actively working to build a successful program, not only for his own benefit, but for the purpose of generating income to repay Plaintiffs. Mastria moves before this Court for an Order vacating the default, preliminary injunction and Writs of attachment issued against him and his property.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Third Circuit has instructed district courts to consider three factors: (1) whether the defendant has a *prima facie* meritorious defense, (2) whether the default was the result of culpable conduct" or bad faith on the part of the defendant, and (3) whether the plaintiff will be prejudiced. *See* Harad v. Aetna Cas. & Sur. Co., 839 F.2d 71, 73-74 (3d Cir. 1987); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982).

The decision to vacate a default rests within the sound discretion of the district court. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). The Third

Circuit, has emphasized that applications to vacate defaults should be viewed liberally and the Third Circuit's "overriding preference is the disposition of litigated matters on the merits rather than be default - and to this extent [the Third Circuit] encourage[s] liberality in vacating default judgments......" Hritz v. Woma Corp., 732 F.2d 1178, 1188 (3d Cir. 1984).

In conjunction with a motion under Fed. R. Civ. P. 55(c) to set aside a default, the moving party is required to file its proposed answer. The proposed answer is supposed to allow the court to evaluate the specific factual allegations therein for the purpose of determining whether there is a meritorious and complete defense to the action. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Further, under Local Civil Rule 7.1(f), when a party seeks to file a pleading requiring leave of court (such as the instant motion) the moving party must file a copy of the proposed pleading with its moving papers.

Mastria has not filed any proposed answer with its submissions as is required. Thus, Mastria is in default in connection with a critical component of the very relief he now requests. Plaintiffs urge this Court to deny Mastria's application to vacate the default on this basis alone.

Mastria counters and argues that neither the Federal or Local Rules require a party seeking to vacate a default file to file a proposed responsive pleading. First, Mastria explains that Rule 55(c) simply requires that a moving party demonstrate "good cause." Thus, Mastria posits, so long as the moving party properly presents the requisite facts and defenses, he or she is entitled to relief. It does not matter, in other words, whether the facts come in through a declaration or an answer as both methods are acceptable means of presenting facts to a Court. Mastria urges this Court to exalt substance over form.

Secondly, Mastria claims that Local Rule 7.1 only applies to motions which seek leave to

file an amended pleading.  A review of Local Rule 7.1 does not indicate that it only applies to amended pleadings.  The Rule states that:

> Upon filing of a motion for leave to file an amended complaint or answer, a complaint in intervention *or other pleading* requiring leave of Court, the moving party *shall* attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled.

Local Rule 7.1(f).

Despite the plain meaning of  "or other pleadings," Mastria asks this Court to allow his Motion to Vacate to move forward despite its procedural infirmity.  Given this Court's distaste for deciding a case on a basis other than its merits, this Court allows Defendant's Motion to go forward despite its procedural infirmity. because there are substantive reasons for denying the motion to vacate.

    1.    <u>Meritorious Defense</u>

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" <u>$55,518.05 in U.S. Currency</u>, 728 F.2d at 195 (quoting <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir. 1951)).  For purposes of vacating a default, the defendant need not affirmatively prove his defense.  <u>Id</u>.  So long as the Court is satisfied that the defense is not "facially unmeritorious," the defendant has satisfied his burden of establishing a meritorious defense under Rule 55(c).  <u>Gross v. Stereo Component Systems</u>, 700 F.2d 120 (3d Cir. 1983).

Mastria argues that the facts set forth in his declaration demonstrate that he did not conspire with Defendant Miller to defraud Plaintiffs, nor did he knowingly participate in Miller's fraudulent scheme.  Rather, Dr. Mastria was a victim just like Plaintiffs.  Mastria attaches emails

to his declaration which evidence his repeated attempts to obtain an accounting of the business operations from his co-defendant. Mastria says those emails were routinely ignored.

Mastria also asserts that he never received any of the monies which Plaintiffs are seeking to recover in this action. The cancelled checks attached to Plaintiffs' Verified Complaint indicate that they were deposited by Miller in her own personal checking account. As is evidenced by his bank statements attached to his eclaration, none of Plaintiffs' funds were distributed to Dr. Mastria.

Plaintiff points out that, as a threshold matter, Mastria must demonstrate the existence of a meritorious defense to the entire case before the Court should even consider whether to vacate the default. $55,518.05 in U.S. Currency, 728 F.2d at 195. The showing of a meritorious defense is accomplished when the allegations of defendant's answer, if established at trial, would constitute a complete defense to the action. Id. A defendant does not have the right to have a default judgment set aside automatically upon alleging a defense. Harad v. Aetna Gas & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). "Rather, courts impose a more stringent standard which requires that a defendant seeking to set aside a default judgment set forth with some specificity the grounds for his defense. The court must then evaluate that defense to determine whether it is meritorious." Id.

Taking the statements in Mastria's Declaration as true for the purposes of his application, they do not appear to establish a meritorious defense to the following claims in the Verified Complaint: (1) breach of covenant of good faith and fair dealing, (2) breach of fiduciary duty, (3) breach of contract and (4) negligent misrepresentation.

Mastria's own words support Plaintiff's various fraud claims. For example, in his

Declaration, Mastria admits that he traveled to California in the "end of 2003/beginning of 2004," and went to the bank with his co-defendant, June Miller, to sign documents fr the purpose of adding him as a signatory to the existing MMM checking account. Having signed the documents, Mastria allegedly went to the restroom. Upon his return, he was allegedly told by Miller that the transaction had been "taken care of."

Two weeks after the meeting at the California bank, Mastria had still not received any of the signatory documents. So Mastria called Miller to ask "what was going on." Mastria declared that "[t]his [was] when [Miller] began to avoid me." Notwithstanding Mastria's alleged concerns in the "end of 2003, beginning of 2004" that Miller had gone awry and that she should not be trusted, Mastria said nothing of this to Plaintiff. Rather than alert Plaintiff to his concerns, Mastria accepted an additional $70,000.00 from Plaintiff on March 10, 2004.

In his submissions to this Court, Mastria included a series of e-mail messages he allegedly sent to Miller, beginning on February 10, 2005, in which he purports to further question Miller's veracity, and the viability of the so-called business venture. Although Mastria submits the February 2005 e-mails to the Court as an apparent attempt to demonstrate his innocence and cast him as a victim of Miller's, similarly situated to Plaintiffs. However, Mastria inexplicably failed to advise Plaintiffs of his concerns over Miller which he had so vividly documented in the e-mails. It was not until some five months later, in July, 2005, when Mastria finally advised Plaintiff that he was having trouble with Miller.

By e-mail dated August 3, 2005, it is clear that Mastria finally received the information on the bank account in which Plaintiff's money was allegedly deposited. Mastria's e-mail indicates what the bank statements show conclusively; that Plaintiff's money was drained from

the account. (Mastria Decl. Ex. B). Inexplicably, Mastria withheld the bank statements and emails from Plaintiff and only included them in his recent motion papers for the first time at a point when any opportunity for Plaintiff to recover even a small portion of his money had been lost.

By his own statements Mastria has demonstrated that he does not, in fact, have a complete meritorious defense to this action. The application of basic principles of partnership law, Mastria hurts his own cause because he admits, at very lest, his own malfeasance as a partner of Miller's. Mastria is liable for Miller's wrongful acts and his feigned ignorance of Miller's nefarious scheme is no defense to the causes of action for fraud or conversion as set forth in the Verified Complaint. As it is explained by the Restatement of Agency:

> Where one joint adventurer, acting within the scope of the joint venture, and in furtherance of tits agreed purposes, is guilty of fraud in procuring benefits which are retained by the joint adventurers, all are liable for the fraud in compensatory damages. Liability is imposed under elementary principles of agency.

Rest. Agency, §§ 160-162, 257, 258.

Plaintiffs relied on misrepresentations made by Mastria to them directly and made by Miller through Mastria. Miller's fraud is imputable to Mastria since he led Plaintiffs to believe that everything was moving along swiftly when, in fact, Miller was stealing Plaintiffs' money. Mastria's conduct made it possible for he and Miller to procure additional funds from Plaintiffs and impossible for Plaintiffs to recover any of their money.

Accordingly, since Mastria is liable to Plaintiffs, because of the facts alleged in his own Declaration, no purpose would be served by setting aside the default against him because he does not have a facially meritorious defense to all of Plaintiff's claims. Therefore, this Court need not

examine whether Defendant has satisfied the last two prongs necessary for vacation of a default judgment.

*Motion to Vacate Preliminary Injunction and Writs of Attachment*

This Court has already determined that temporary and preliminary restraints against Defendants, including Mastria, are appropriate.  However, this Court is sensitive to Defendant's need for money to pay for certain living expenses.  Therefore, the parties have been instructed to submit an Order modifying the restraints issued by this Court.  However, Defendant has not persuaded this Court to set aside the default against him because he failed to set forth a complete meritorious defense to this action.

## CONCLUSION

Based on the foregoing, Defendant's motion is **denied**.  An appropriate Order accompanies this Opinion.

       S/ Dennis M. Cavanaugh
       Dennis M. Cavanaugh, U.S.D.J.

Dated:       March 15, 2007